IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

United States of America,        :

    Plaintiff,               :

  v.                              :       Case No. 2:09-cr-291(1)

Steven G. Loney,                 :       JUDGE SMITH

    Defendant.               :

ORDER

The above defendant appeared before the Court on December 18, 2009 for a detention hearing. The Court ordered him detained without bond. This order explains that decision.

The defendant has been charged in a one-count indictment of being a convicted felon in possession of a firearm. That charge does not carry a presumption of detention. The government's request for detention was evaluated under the following standard.

Under 18 U.S.C. §3142(f), a detention hearing may be held in a case involving, <u>inter alia,</u> a serious risk that the person to be detained will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror. Such a hearing may also be held if there is a serious risk that the person sought to be detained will flee. At the hearing, it is the task of the presiding judicial officer to determine whether any condition or combination of conditions of release "will reasonably assure the appearance of the person as required and the safety of any other person and the community...."

Following the hearing, "if the judicial officer determines that no such conditions exists, such judicial

officer shall order the detention of the person before trial." Id.  If detention is based upon a finding that no condition or combination of conditions will reasonably assure the safety of any other person in the community, such a finding must be supported by clear and convincing evidence. Proof that the person sought to be detained is a serious risk of flight must be by a preponderance of the evidence.

18 U.S.C. §3142(g) requires the judicial officer to consider available information concerning (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.  See, e.g., United States v. Arvanitis, 667 F. Supp. 693 (N.D.Ill. 1987).  Detention may be ordered based upon a finding that the defendant is likely to continue to engage in criminal activity which poses a threat either to the community or to the safety of particular persons, and such circumstances are not limited to proof that the defendant poses a serious risk either to obstruct justice or to intimidate or injure a prospective witness or juror.  See, e.g., United States v. Daniels, 772 F.2d 382 (7th Cir. 1985); United States v. Yeaple, 605 F.Supp. 85 (M.D.Pa. 1985).

The government presented evidence that Mr. Loney was arrested on December 17, 2009 at his residence.  A loaded firearm, scales, and marijuana packaged for distribution were all found in plain view when Mr. Loney was arrested.  A subsequent search of his home turned up more marijuana hidden behind a television set in the basement.

This Court's records show that Mr. Loney was convicted in

2002 of being a convicted felon in possession of a firearm.  He
served a prison term followed by supervised release.  His
supervised release was revoked for non-reporting.

The Pretrial Services report shows that Mr. Loney was
convicted of a felony weapons charge in state court in 1997.  He
also received a jail term for that offense.  After being released
on parole, his parole was revoked on two separate occasions.  It
appears that he was on state parole when he committed his prior
federal firearms offense.

According to that same report, Mr. Loney was convicted of a
weapons charge in Belmont County in 2007.  In 2009, he was
charged with two counts of felony drug possession, with firearms
specifications, in Franklin County.  Those cases are awaiting
trial.  According to the agent who testified at the detention
hearing, the state charges arose from a search that took place in
January, 2009, at the same residence where Mr. Loney was recently
arrested.  Mr. Loney had a firearm on his person at the time,
which led to the federal felon-in-possession charge, and there
was another weapon plus narcotics in his home, which led to the
state charges.  Finally, Mr. Loney has no employment history to
speak of and has some history of substance abuse.  He does have
ties to this community and could live with his mother on
electronic monitoring if released.

To be very direct about it, Mr. Loney appears to the Court
to be an individual who seems to have a firearm on him or within
his reach every time he comes into contact with law enforcement.
His prior felony convictions do not seem to have deterred him
from having a gun even though he also has been convicted once
already of the illegal possession of a firearm by a convicted
felon.  He seems to have disregarded prior conditions of parole
and supervised release, and appears to have continued to deal in
narcotics and possess a weapon even though he is going to trial

in less than a month on drug and weapons charges.  In short, the Court has absolutely no reason to believe that any of this behavior would change if he were released on terms and conditions, no matter what those terms and conditions might be. The United States therefore met its burden of proof, and the Court detained Mr. Loney.

The defendant is advised of his right to seek review of this detention order pursuant to 18 U.S.C. §3145(b).


/s/ Terence P. Kemp
United States Magistrate Judge